## THE PHOENIX.

### CORNWELL v. ROGERS et al.

(Circuit Court of Appeals, Second Circuit. November 17, 1893.)

COLLISION BETWEEN STEAMERS CROSSING COURSES.

A steam barge in a fog heard the fog signals of a tug with tows on her starboard hand. Both vessels were proceeding slowly, and neither could be seen from the other at a greater distance than 400 feet. *Held,* that for the collision which ensued between the barge and one of the tows the tug was not in fault, she having reversed, in obedience to rule 21, when she saw the steam barge kept coming towards her on a course involving the risk of collision; but that the steam barge, on which rested the duty of avoidance, must be held in fault, on the finding of the trial court on conflicting evidence that she did not reverse promptly on discovering the tug.

Appeal from the District Court of the United States for the Southern District of New York.

In Admiralty. Libel by William L. Rogers, master and owner of the canal boat Bartholomew Brewing Company, against the steam barge Phoenix (Charles C. Cromwell, claimant) and the steam tug Atlanta, for damages from collision of the canal boat, while in tow of the Atlanta, with the Phoenix. The district court held the Phoenix solely in fault for the collision, and entered a decree for libelants against the Phoenix, dismissing the libel as against the Atlanta. The claimant of the Phoenix appeals. Affirmed.

Treadwell Cleveland, (Gherardi Davis, on the brief,) for appellant.

W. W. Goodrich, for the Atlanta, appellee.

Wilhelmus Mynderse, (Butler, Stillman & Hubbard, on the brief,) for libelant, appellee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

PER CURIAM. This is an appeal from a decree of the district court in the southern district of New York in favor of the libelant, as owner of the canal boat Bartholomew Brewing Company, against the steam barge Phoenix, and dismissing the libel as against the steam tug Atlanta.

The canal boat was the outer of two boats on the port side of the Atlanta, which had another boat on her starboard side. The

fleet was bound from the Morris Canal basin, Jersey City, to the Atlantic basin, Brooklyn. There was a fog, which had lifted a little before they started, but soon shut down again, somewhat thick near the water. While thus proceeding on their way, the fleet encountered the Phoenix, which was on her way from pier 1, North river, to Communipaw. The latter vessel came into collision with the libelant's boat, striking her a little forward of midships, nearly at right angles.

The testimony is conflicting. It is, however, conceded that when the fog signals of the Atlanta were first heard on the Phoenix, the former was on the latter's starboard hand. The duty of avoidance, therefore, was plainly on the latter. We are satisfied from the proof that the fog was so dense that neither vessel could see the other at a greater distance than 400 feet. Both vessels, after the fog shut down, proceeded slowly.

We agree with the district judge in holding that there "was no such clear case as required the Atlanta to disregard the twenty-first rule," which provides that steam vessels, when approaching another vessel, so as to involve risk of collision, shall slacken, and, if necessary, stop and reverse; and, as the evidence supports the conclusion that the Atlanta did reverse when she saw that the Phoenix kept coming towards her on a course involving risk of collision, she must be held free from fault. Were we further satisfied that the Phoenix also reversed promptly as soon as she saw the Atlanta, we would be strongly inclined, disregarding any minor faults of navigation or errors perpetrated in the brief space after collision seemed unavoidable, to hold the catastrophe to be an accident without fault. But the testimony is in conflict upon the question of fact whether or not the master of the Phoenix delayed reversing, and, as the district judge in this case saw the witnesses, we accept his conclusion, since there is not a clear preponderance of proof the other way.

Decree affirmed, with interest to libelant, and costs to the Atlanta against the Phoenix.